## Lambert v. Correct Manufacturing Co. et al.

*J. Frank Kelker*, for plaintiff.
*Baldwin & Baldwin*, for defendants.

Sohn, J., February 19, 1947.—L. O. Lambert brought an action against Correct Manufacturing Company, a corporation, and Correct Foundry and Manufacturing Company, a registered partnership, defendants. In this action plaintiff undertakes to recover damages for work performed over and above 40 hours per week, as an employe of defendants, and reasonable attorneys' fees and costs. An affidavit of defense raising questions of law was filed by defendant.

Defendant objects to paragraph 8 of the statement of claim which is as follows:

"8. From 1941 to December 11, 1944, the defendant, the Correct Manufacturing Company, a corporation, and from December 11, 1944, until plaintiff's employment was terminated in 1946, the defendant, the Correct Foundry and Manufacturing Company, a registered partnership, employed the plaintiff and its other employes for work weeks longer than 40 hours per week without the employes being compensated for such excess hours at a rate of not less than one and one-half times the regular rate at which they were employed, all of which is in violation of section 7 of the act aforesaid except that after June of 1943, the plaintiff has been paid on account thereof various amounts of money. On the basis of calculations these amounts were not in accordance with and were less than required by the act. The specified dollars and cents so paid are well known to the Correct Manufacturing Company and the Correct Foundry and Manufacturing Company."

Defendant contends that these averments are insufficient and plaintiff should state the amounts paid and the nature of the calculations used.

Defendant further objects to paragraph 9 which is as follows:

"9. In June, 1943, following an order of the United State Department of Labor, Wage and Hour Division,

to pay overtime, the defendant, the Correct Manufacturing Company, reduced the hourly rate of the plaintiff and paid thereafter overtime on the reduced hourly rate, all of which was in violation of the Emergency Price Control Act of 1942 as amended and the executive orders, regulations and directives issued thereunder."

It is alleged that this paragraph is insufficient in law. Defendant contends that plaintiff must aver that the amounts paid were less than the highest wages paid between January 1 and September 15, 1942.

Defendant objects to paragraph 10, which is as follows:

"10. The plaintiff has no accurate record of the hours actually worked by him during the time mentioned in this complaint, nor of the actual amount of moneys paid to him during said period, but, pending examination of the books and records which the defendant is required to keep under the said act, approximates the amount of such payment at Two Thousand ($2,000.00) dollars."

It is contended that this paragraph is insufficient because it is vague and indefinite.

Defendant further objects to the statement of claim because it is vague and indefinite in that no basis for the assessment of damages is set forth in the statement of claim.

We are of the opinion that defendant's objections to the statement are well taken and that the statement of claim is insufficient in law:

I. Plaintiff should set out in the statement of claim the dates and amounts received by plaintiff after June of 1943. Likewise, plaintiff should state in what particular, or to what extent payments were less than required by law. Unless this is done, defendant's affidavit of defense will not clearly set forth the issue to be determined upon trial.

II. Plaintiff should aver, if such be the fact, that the reduced hourly rate was below the highest paid for the particular or comparable work in the local area between January 1 and September 15, 1942. Unless there is such averment, plaintiff would have no cause of action.

III. Plaintiff should aver in paragraph 10 the hours worked and the compensation received by plaintiff, and in what particular this is not in compliance with the act.

IV. Plaintiff should set forth in the statement a basis upon which, if plaintiff is entitled to recover, damages could be assessed.

We realize much of the information required and not pleaded is not in plaintiff's possession. The law affords a means of acquiring this information. On argument, counsel for defendant offered plaintiff access to defendant's books. Before the case is tried, plaintiff must have this information. The statement is not in accord with the requirements of the law. Unless the statement is amended the issue cannot be properly tried.

Since the argument, we have read an opinion by Judge Gourley in Baret v. Koppers Company, Inc., Civil Action No. 5486 in the District Court of the United States for the Western District of Pennsylvania. In that case, plaintiff averred in effect, that he worked in excess of the number of hours required by the act for his normal base pay, and as a result thereof, he was entitled to the benefits of the act. Judge Gourley held that under the Federal Rules of Civil Procedure, the complaint stated the facts sufficiently enough to permit defendant to properly prepare its responsive pleading. The instant case was instituted in the court of common pleas. We are not bound by the Federal Rules of Civil Procedure. The statement in this case

does not meet the requirements of procedure in our courts.

We are of the opinion that the statement of claim does not sufficiently set forth a legal cause of action. There may be a substantial right of action existing, and a fuller statement of facts than is contained in the present statement may sufficiently present a cause of action.

### Order

And now, to wit, February 19, 1947, it is ordered, adjudged, and decreed that the affidavit of defense raising questions of law be sustained, and plaintiff be permitted to file a further statement within 30 days from this date. In case no such statement be filed within such time, judgment will be entered in favor of defendant.